The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically on October 15, 2015, which may be different from its entry on the record.

**IT IS SO ORDERED.**

**Dated: October 15, 2015**



ARTHUR I. HARRIS
UNITED STATES BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| In re: | ) | Chapter 13 Proceedings |
| | ) | |
| TERRENCE WILLIAMS, | ) | Case No. 14-17081 |
|     Debtor. | ) | |
| _____ | ) | Judge Arthur I. Harris |
| | ) | |
| CRAIG SHOPNECK, CHAPTER 13 | ) | Adversary Proceeding |
| TRUSTEE, | ) | No. 14-1214 |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TERRENCE WILLIAMS, | ) | |
|     Defendant. | ) | |

ORDER[1]

On September 9, 2015, the Court issued an order upon the debtor to show cause why the Court should not impose a two-year filing bar due to the debtor's failure to pay all outstanding filing fees by March 26, 2015 (Docket No. 15), as required under an earlier order dated March 12, 2015 (Docket No. 13). The debtor

---

[1]This order is not intended for official publication.

filed a response to the order to show cause (Docket No. 22) in the debtor's main bankruptcy case (15-12182) on October 5, 2015. The debtor also appeared at the Court's hearing on October 8, 2015, more than an hour late and after his attorney had left. At this hearing, the Court heard argument on the order to show cause from both the debtor and the Chapter 13 trustee. After hearing argument, the Court granted the Chapter 13 trustee's motion to dismiss the debtor's bankruptcy case (15-12182) and took the order to show cause under advisement.

Although the Court understands that the debtor may have misunderstood the language in the March 12, 2015, order, the Court finds that the better reading of the order's language is that the debtor's failure to pay the filing fees by March 26, 2015, constitutes a default that results in a two-year ban on filing any bankruptcy case, with or without the assistance of counsel. Therefore, the debtor is barred from filing any bankruptcy case for two years. The Court also finds that it is appropriate to toll the filing bar such that the two-year period starts on the date of the dismissal of the debtor's bankruptcy case (15-12182) on October 15, 2015.

The Court notes that any party may seek a modification of the Court's March 12, 2015, order based on a change of circumstances. A court may modify a judgment under Federal Rule of Civil Procedure 60(b)(5), made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 9024, when "it is no longer

equitable that the judgment should have prospective application." Fed. R. Civ. P. 60(b)(5). "However, Rule 60(b)(5) does not allow modification simply 'when it is no longer convenient to live with the terms of a consent decree,' but solely when there is 'a significant change either in factual conditions or in law.'" *Northridge Church v. Charter Twp. of Plymouth*, 647 F.3d 606, 613-14 (6th Cir. 2011), quoting *Rufo v. Inmates of Suffolk Cnty. Jail*, 502 U.S. 367, 383-84 (1992).

Accordingly, the debtor or the Chapter 13 trustee may seek a modification of this order, but no new bankruptcy case may be filed unless this order is modified. To the extent that the debtor presented oral argument to the Court on October 8, 2015, seeking a modification of the filing bar imposed by the March 12, 2015, order, the Court finds that the debtor's circumstances do not warrant such modification. The debtor has not shown that he is a debtor with regular income. Nor has the debtor shown that he is capable of successfully prosecuting a Chapter 13 case, even when represented by an attorney. For example, the debtor failed to attend the scheduled meeting of creditors and has made no payments to the Chapter 13 trustee.

This order does not address the second, related adversary proceeding (15-1093), other than to indicate that the proper step for a party to seek additional or different relief is for the party to file a motion to modify the injunctive relief contained in the existing order dated March 12, 2015, in Adv. Pro. No. 14-1214.

Accordingly, the injunctive relief and filing bar in Adv. Pro. No. 14-1214 remain in place. The debtor is barred from filing any new bankruptcy case, with or without an attorney, for two years from the date of the dismissal of the debtor's 2015 bankruptcy case on October 15, 2015. **Therefore, the debtor may not file any new bankruptcy case until October 15, 2017, unless the debtor first obtains an order modifying the two-year filing bar.** The automatic stay under § 362 of the Bankruptcy Code will not apply to any case filed in contravention of the order.

IT IS SO ORDERED.